Thank you, Your Honor, and I would request to reserve a few minutes for rebuttal, please. May it please the Court. This is a comeback case. We meet again. This case shows why federal review of state convictions is necessary. Hopefully, it's not necessary in hardly any case. That would be an indication that the system is working, but the system is not working and that defendants' constitutional due process rights are being fulfilled. The panel's concerns expressed in the previous oral argument about leaving Mr. Salas in an unfair procedural trap have come to fruition, and he does need this the protection of this Court. So, Ms. Fon, there's not much time here, and I'd like you to focus just on a couple of issues for me. Please, Your Honor. That would be okay? Great. Okay. So, there's one procedural bar that the state raises following our remand in the prior disposition. The state says, well, you didn't vacate the judgment, therefore, you know, you really can't, you have to do a Rule 59 or a Rule 60B to set aside the judgment before you can get the question of relation back. What's your response to that? My response to that is that the judgment was not and still is not final in the sense of res judicata because the affirmance was conditional to other things that the Court expressly instructed to be adjudicated on remand. It was in place, and it was sent back with no instructions as to what procedural boxes applied or anything else. It was just to consider this issue, and so what's the procedural box that's appropriate given that the judgment was left in place? The procedural box, Your Honor, is that the district court erred in finding inapplicability of either the relation back doctrine or equitable tolling. Either and or both would fit in this case, and under either or both theory, this case is that extraordinary case that does warrant a Rule 15 amendment or alternatively a Rule 60 type of amendment, but I don't even think that Rule 60 comes into play here because the, well, we're going in circles, but the judgment is, yes, it's final, but it's not final final. It's not res judicata because it was issued conditionally. Well, it was, we had learned, I think, right before the prior hearing that he had pursued a petition in Superior Court. Is that correct? It is correct, Your Honor. I remember these events, and we were aware that he was trying to potentially raise that, raise the felony murder special circumstance, and after we affirmed the jurisdictional ruling and specifically acknowledged that, you know, he should remand so that he could seek leave to amend his petition to raise the felony murder claim, and we even directed the district court to appoint, obviously it was something we had in mind, that he should have an opportunity to pursue his claim. It does seem so, Your Honor, and... Let's put that aside for the moment. Okay. You don't have a lot of time. Okay. Well... Let's assume you're able to get over that procedural hurdle that the state raises. Okay. Why, where did the district court err in concluding that you did not meet the test for relation back under Ross and Male, I think it is? Because... Why was it error for the district court to reach that conclusion? Because the district court overlooked or failed to properly consider that the unfair gang taint, which has been unfairly prejudicing Mr. Salas from day one when he was arrested and charged, and which was thrown out by the state court, and now this court ruled is, did not in itself, by itself, warrant merits adjudication because it's not a custodial basis of Mr. Salas's conviction, yet custodial or not custodial, it's still being invoked at the state court level now as a means to deny him Banks-Clark relief and hold that he's a major participant who acted with reckless indifference to human life. But that holding, too, precedes a lot of work that the state California Supreme Court has been doing and is continuing to do with cases that remain pending that are applicable to whether, indeed, Mr. Salas was a major participant and... Well, I mean, that's all... Well, I mean, the whole business about what's happening in the state court, in the legislation, for the moment, that's a state law concern. What I'm really trying to get you to explain to me is why should the relation back doctrine apply here so that... Because there's a common core fact. What are those common core facts that underlie the two claims? The main common core fact is the unfair judgment of Mr. Salas being affiliated with a gang as a reason for, number one, of course, the gang special circumstance, and, number two, also, the denial... But is that based on the same facts as the firearm enhancement? It's... You're talking theory. We're asking about facts. So the gang enhancement was based not only on the events of the night of the crime, but his whole history of being affiliated with the gang, correct? Well... But in terms of a temporal similarity, they're not necessarily the same. Oh, but they are, Your Honor, because the fact... Why? Because the fact of the offense conduct is that Mr. Salas accompanied the shooter, the actual killer, Kasikas. Why did Mr. Salas accompany him? To re-up on methamphetamine that he was addicted to. And that's very unfortunate. It's tragic. But Mr. Salas, who we know, was jumped into gang life when he was a child. And before that, he had a single mother, and his next older brother was his caretaker who got shot by a gang when Mr. Salas was like seven years old. And then a few years later, Mr. Salas himself got jumped into gang life. And well before the incident that is the basis of this challenge conviction, Mr. Salas had an encounter with police where he stated unequivocally that he's done with the gang, and he has nothing more to do with the gang. He's not affiliated. He's...  He renounced it. And that, my question is, really, all those facts go to the gang enhancement, and in terms of time, they are different from the facts you're talking about in terms of the robbery special circumstances, which are confined to the night of the murder. No, because actual killer Kasikas left a bunch of gang notes and gang signs at the crime scene. Yes. That was the gang... But that has nothing to do with... It has nothing to do with Mr. Salas, but it has everything to do with Mr. Salas being convicted with either or both of these two special circumstances. My questions are taking you over your time. Yeah, we've taken you over time, but since we did, I'll give you the two minutes you requested for rebuttal.  And we'll hear now from Mr. Means. Good morning, Your Honor. May it please the Court, Brian Means for Respondent M.D. Bitter. I will be brief. Drawing off of what I believe the Court's suggestions may be here is our position is that, of course, that Rule 60B does prohibit any further activity in the district court until the judgment can be set aside. And I think it's pretty clear the judgment, obviously, indisputably, has not been set aside. But your primary concern is whether or not it constitutes a second or successive petition, correct? Yes, that's right. They're kind of... Right. So we have a bunch of case law that says if a case is dismissed on procedural grounds and not on the merits, the subsequent habeas is not a second or successive petition. So the claim involved here was dismissed on jurisdictional grounds, not the merits. So why does second or successive petition bar come into play at all? Because we can't forget there were two other claims that were dismissed on the merits. Well, I know that, but she's not raising those. No, but I think the entire petition itself was dismissed on the merits. The second one... No, the second... This part of it was dismissed on jurisdictional grounds because it did not relate to the in-custody requirement. And we've had mixed cases like this before where we said another petition based on that is not barred because it was dismissed on procedural grounds. It's my belief, Your Honor, that when a court, district court, dismisses a case on procedural grounds... No, I'm sorry. Strike that. On jurisdictional grounds, flex jurisdiction, that is adjudication on the merits of the  I don't think that comports with our case law, but go ahead. You have a case that says that? I believe I've cited those in the briefs, the authority in that regard. Okay. The case you cited in your brief, one of them is not a habeas case. Mm-hmm. Okay, well, that is the tact that we would... I got it. I get your argument. Thank you. Gotcha. Then moving on to relation... Let me...  I just have one question. I mean, there were pretty clear signals in the memorandum disposition that we filed in this case that we anticipated the case would go back and there would be further proceedings. Correct. But the judgment remained in place and the court didn't authorize. It would have been different reverse and remanded and then the judgment set aside and et cetera. This court specifically had said, we don't pass judgment on the question of whether or not the amendment's appropriate. So it specifically preserved that question and said, well, we're going to leave that for the district court to decide. And that's exactly what occurred. The district court decided that, in fact, amendment wasn't appropriate. And in this particular case, the district court didn't decide the second successive issue. It did not decide the Rule 60B issue. Instead, turned directly to the statute of limitations. So we could even here, as courts do, even presume jurisdiction for purposes of argument and just look at the statute of limitations issue, which is appropriate when the jurisdictional issues have become complex. And here, the statute of limitations issue, as we have argued, forecloses relief for a variety of reasons. And I won't go through the litany of, you know, finality, equitable tolling, statutory tolling, et cetera. I'll focus just simply on the question of relation back. And I think here what we've got are two claims. And the only commonality that you can find between the robbering murder special circumstance challenge and the gang murder special circumstance challenge, the one that was never actually imposed by the district court in lack of custody on that issue, was that he was gang affiliated. That's it. That's the primary connection between the gang affiliation. But a gang affiliation by the petitioner has nothing to do with satisfying the major participant requirement under banks. Nothing. And it has little, if anything, to do with satisfying the requirement for the reckless indifference requirement. Because in the reckless indifference requirement under banks, what you're looking for is a of his co-defendant and say, I know what this guy's probably going to do. He's going to kill somebody. That's what we're looking at for reckless indifference. Here what we have is the petitioner just simply saying, yeah, yeah, yeah, I'm affiliated with a gang. Says nothing about the shooter in the case, the actual murder. So there's really no connection between the two of how that would be relevant. And without that nexus, there can't be relation back. Certainly, there's not a common core of operative facts. Even if somehow gang affiliation had some causal or rather some minor connection. I thought there was an allegation in the information that they committed the murder, or the murder was committed, to, you know, to, on the benefit, the allegation was that it was done in furtherance of the gang, you know, of the various gangs, of a gang. That was the one that was struck by the court of appeal, correct? That's the one you're referring to? Well, there was, but the indictment alleges all these facts about the gang and how, and how the murder, as it played, just how the murder furthered the, you know, the expert talks about the reputation of the gang and how these murder, how this kind of illegal, this terrible unlawful conduct enhances the stature of the gangs. But those, the allegation was there in the complaint, in the information. The problem, I think, Your Honor, is it's not the claim alleged in the original 2254 petition. No, I'm talking about the information that was filed in the superior court. Correct. My understanding for a perfect correlation back by the en banc court of the Ninth Circuit is we start by looking at the 2254 petition. Did that put the other party on notice that this other claim was shared? The original. The original 2254 petition, right. So in that particular instance, that would be the gang murder special circumstance that was never actually imposed by the State court. There was evidence. I mean, they had an expert on gang life and gang, you know, the whole, what was his name? I forget his name. I don't recall, Your Honor. But I looked at some of his testimony. He testified about gangs. You know, he was there. But we're not trying to relate back to the complaint. We're not trying to relate back to testimony. We're trying to relate back to the original 2254 petition. And there's three claims. Two of them are that nobody disputes. And the only other claim is the gang murder special circumstance. Correct. And so we look for the overlap between that one and the robbery murder special circumstance. The only thing petitioner alleges in their papers that there is a commonality of link is the gang affiliation. But gang affiliation is simply not relevant to his new claim, a robbery murder special circumstance. It's not a common core of operative facts under banks for that determination. And that should be the end of it there. Doesn't all of this rise out of, there's a term that's used in Ross, episode in suit, that they take from a case called Tiller, I think it is. Why doesn't this just all rise out of that horrible event on that night in question? Well, I don't think we can read quite that broadly. I don't think the precedent indicates. And there is, you know, the Schneider case. What do you think the court was talking about when they talked about episode in suit? It's difficult to know exactly what that is because it's referring back to Tiller. And Tiller is dealing with, you know, two actions almost inextricably intertwined by the same thing. It doesn't really further. See, that's what got me back to this, to the allegations in the information. They all seem to be connected. Well, that may be. But regardless, my understanding of en banc precedent in this circuit is we're constrained to look at what was alleged in the 2254 petition. That's it. Again, notice is key. That's one of the fundamental principles of relation back. Did it put them on notice of this claim coming down the line? And the one claim of the three that's in there that even arguably could be in this arena would be the gang murder special circumstance claim. There's no overlap between those two claims except maybe for the one minute issue of gang affiliation, which I've already talked about and I won't repeat over that, and how that is not a common core of operative facts under the bank's decision. I wanted to ask you a question about something that you pointed out in your brief, which was that the minute order of the sentencing proceeding and the abstract of judgment reflect that the trial judge only imposed the felony murder special circumstance for reasons that are not clear. The gang murder special circumstance was not imposed. That's correct. What does that mean and what's the significance of that? So is there a discrepancy between the judgment and the verdicts? That would seem to be the case, Your Honor. I can't explain to you why. But does it mean that the actual judgment and sentence only rests on one special circumstance? Yes. That's part of the judgment. That's what was imposed. But if the judgment only rests on one special circumstance, then does that call into question our prior decision? Well, that's the whole subject. May I extend my time, Your Honor, to answer your question?  That was the whole discussion that we had in the first panel, which, of course, you weren't a part of. And my position is that he is not in custody on the gang murder special circumstance because it wasn't imposed. It's not part of the judgment. He's challenging it, but I don't know why, because it wasn't imposed against him. Only the gang murder special circumstance he was sentenced on. It's difficult to discern what the state courts did with it. They seemed to assume that the gang special circumstance was imposed. They didn't reach the issue. They said they got rid of the gang association conviction. But there's no explanation in the record of why. There is not from the court of appeal. It bypassed the issue by simply rendering harmless error. Anything further, Your Honors? No. Thank you, Your Honors. Thank you, Counsel. All right, we'll hear rebuttal.  Your Honors, the gang murder special circumstance is relevant to the felony murder special circumstance because in challenging the validity of the felony murder special circumstance in the most recent exhaustion proceedings, the Banks-Clark habeas corpus petition, the State Superior Court, in its denial of relief, found that Mr. Salas was a major participant who acted and who also acted in reckless disregard of human life. And in making that finding reasoned in substantial part on Mr. Salas' gang identity. And I think that, Judge Thomas, I think that you're absolutely correct, that the State court, it makes no sense. The State court, which is why we need review, because sometimes things go wacky and make no sense. And it seems that the State Superior Court unwittingly decided or believed that Mr. Salas was still a gang member. And the DA, the AG and the DA, the prosecution, were not, did not clarify to the contrary in their papers either. They allowed this misunderstanding to happen. Now that Mr. Salas has amazingly secured local state-level counsel to pursue SB 1437 relief on his behalf, there is an evidentiary hearing set for late January in Kern County Superior Court. And so we would suggest that it would be a good idea for this court to perhaps give some kind of intermediate decision, or not decision, but indication of its concerns. And that may in fact guide the State court as to this mix-up. But it may not. And if the State court just... Thank you, Counsel. Okay, thank you. Thank you. Case just argued is submitted and we will stand in recess. All rise.
judges: THOMAS, PAEZ, COLLINS